IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Elijah Minefee,** | Case No. 1:26cv00022 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Sheriff of Cuyahoga County** | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

*Pro se* petitioner Elijah Minefee filed this Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241.[1] (Doc. No.1). Minefee is a pretrial detainee in the Cuyahoga County Jail. He claims that he is being illegally detained in violation of the Due Process Clause of the Fourteenth Amendment. He has also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The Court grants that application.

## I. Background

Minefee's petition contains very few facts. It appears, however, that Minefee is being held in the Cuyahoga County Jail and is awaiting extradition to Pennsylvania. (Doc. No. 1 at 5; Doc. No. 1-2). According to the Cuyahoga County Court of Common Pleas docket, Minefee has been charged with carrying concealed weapons, tampering with evidence, obstructing official business, and burglary in Cuyahoga County. *See State of Ohio v. Minefee*, No. CR-25-706897-A (Cuyahoga Cnty Comm. Pl. Ct. indicted Oct. 30, 2025). Bond was posted on November 21, 2025, and a capias

---

[1] Minefee filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254. However, he alleges that he is a pretrial detainee, and he cites to law concerning habeas petitions filed under Sections 2254 and 2241. Throughout his petition, Minefee appears to conflate the two petitions. Because Minefee is a pretrial detainee, however, the Court will construe the petition as being filed under Section 2241, rather than Section 2254. *See Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 809 (6th Cir. 2012); *Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981).

was issued on November 26, 2025. The state court docket indicates that the "Court notified extradition proceedings scheduled for 11/26/25. Holder to issue until pending cases are resolved." *Id.* And a pretrial conference is currently scheduled in Minefee's state criminal proceedings for February 19, 2026, pending further investigation. *Id.*

In this petition, Minefee claims that he posted bond in his Cuyahoga County case, Pennsylvania refuses to extradite him, and Judge Corrigan issued an order to detain without citing legal authority. (Doc. No. 1 at 5). He alleges that these actions constitute a violation of due process. (*Id.*). And he requests his immediate release from custody.

## II. Standard of Review

Federal district courts must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)). A court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)); *see also Allen*, 424 F.2d at 141 (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response from the respondent is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Allen*, 424 F.2d at 141.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice*

*v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). Because the petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

### III. Law and Analysis

A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241. *See Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Nonetheless, federal courts should abstain from the exercise of its jurisdiction if the issues raised in the petition may be resolved either by trial on the merits or by other procedures available to the petitioner. *Atkins*, 644 F.2d at 546; *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1042-44 (S.D. Ohio 2011). Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, which is "a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties." *Atkins*, 644 F.2d at 546. And the rule of abstention in conjunction with the requirement of exhaustion of state court remedies provide the state courts the "opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.*; *Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (a federal court should not interfere in pending state criminal proceedings absent a threat of an "irreparable injury" that is "both great and immediate."); *see also Smith v. Hall*, No. 3:12-CV-1022, 2013 U.S. Dist. LEXIS 21448, 2013 WL 587479, at *3 (M.D. Tenn. Feb. 13, 2013) (collecting cases) ("Courts have generally recognized that *Younger* applies to applications for the writ of habeas corpus.").

Federal courts therefore typically reject petitions for habeas relief under the *Younger* abstention, with the following exceptions: (1) when a petitioner seeks a speedy trial, *Atkins*, 644 F.2d at 546-47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), vacated on other grounds, 492 U.S. 902, 109 S. Ct. 3208, 106 L. Ed. 2d 559 (1990). *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, 2020 U.S. App. LEXIS 27784, *5 (6th Cir. Aug. 31, 2020). Regarding speedy trial claims, federal courts draw a distinction between "a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir. 1987).

Even if a claim is available to a petitioner under Section 2241, however, the petitioner must still exhaust his state court remedies before bringing those claims in federal court. Unlike exhaustion under 28 U.S.C. § 2254, exhaustion under Section 2241 is not a statutory requirement. Compare 28 U.S.C. § 2254(b)(1)(A) with § 2241. The Sixth Circuit, however, has imposed the exhaustion requirement in the context of Section 2241 to accommodate principles of federalism. *Phillips v. Hamilton Cnty. Ct. of Comm. Pleas*, 668 F.3d 804, 810 n.4 (6th Cir. 2012). Pretrial detainees proceeding under Section 2241 "must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)).

Here, Minefee claims only that he is being illegally detained in violation of the Due Process Clause of the Fourteenth Amendment, stating that he has posted bond and Pennsylvania refuses to

extradite him. He does not assert a double jeopardy or speedy trial claim. Nor does he allege prior ineffective assistance of counsel and due process violations on retrial. The *Younger* abstention therefore applies, and this Court must refrain from interfering in the petitioner's state criminal proceedings. Moreover, even if he had raised a claim properly considered under Section 2241, the petitioner does not demonstrate he has exhausted his available state remedies. Nor has he demonstrated that pursuing such remedies "would be futile or unable to afford the petitioner the relief he seeks." *See Elder v. State*, No. 1:13cv1348, 2013 WL 3864822, 2013 U.S. Dist. LEXIS 103574, *9 (N.D. Ohio July 24, 2013) (quoting *Fisher v. Rose*, 757 F.2d 789, 792 (6th Cir. 1985)). And to the extent the Court could construe a speedy trial claim, the relief he seeks is dismissal of the charges against him, which is not an available remedy on habeas review under Section 2241. *See Smith v. Burt*, No. 19-1488, 2019 WL 5608064, 2019 U.S. App. LEXIS 22193, at *2 (6th Cir. Oct. 28, 2019) ("[R]elief is typically limited to forcing the state to bring the petitioner to trial, not to dismiss the underlying charges outright.") (citing *Atkins*, 644 F.2d at 546-47).

### IV. Conclusion

Accordingly, the Court GRANTS Minefee's application to proceed *in forma pauperis* (Doc. No. 2). And for the foregoing reasons, the Court DENIES the Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 and DISMISSES the action pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    s/Pamela A. Barker
    PAMELA A. BARKER
Date: February 9, 2026    U. S. DISTRICT JUDGE